```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Plaintiff, | ) | Criminal No. |
| | ) | 5:13-96-JMH-1 |
| v. | ) | |
| | ) | |
| CHARLES TOMMIE GRAY, | ) | |
| | ) | **OPINION AND ORDER** |
|    Defendant. | ) | |
| | ) | |

          \*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant Charles Tommie Gray's *pro se* motion for compassionate release (DE 180). For the reasons stated below, Gray's motion is **denied**.

On March 3, 2014, Gray pleaded guilty to one count of conspiring with others to knowingly and intentionally possess heroin, with distributive intent, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (DE 36; DE 92; DE 93). He was sentenced to a term of 170 months of imprisonment with eight years of supervised release. (DE 107, DE 109). Gray is currently 50 years of age, and is projected to be released from FCI Butner's medium-security facility in North Carolina on February 2025.

Gray has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asking for a 12-month sentence reduction on the basis of "extraordinary and compelling reasons." (DE 180). However, the United States contends that the Court is without

jurisdiction to consider the defendant's request because the exhaustion requirement has not been met. (DE 182 at 3).

Pertinent to the issue at hand, the court "may not modify a term of imprisonment" based on a defendant's compassionate release motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has ruled that, despite the circumstances presented by COVID-19, the exhaustion requirements found in § 3582(c)(1)(A) are mandatory and thus present "a glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)). Prisoners have two routes, then, to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). No exceptions to the exhaustion requirement are listed in the statute.

As noted, the statute at issue speaks directly to the Court's authority to modify a sentence, stating that it may only do so

once the BOP denies a request for compassionate release and the defendant appeals, or if the warden fails to respond to a request or file a motion within thirty days. Because the statute explicitly states that *only* then may a defendant turn to the judiciary, those requirements are clearly jurisdictional and prevent the Court from considering Gray's Motion at this time.

The exhaustion requirement exists to give the BOP an opportunity to conduct an in-depth analysis of the defendant and to seriously consider whether release is warranted. This is so, because the Court is not well positioned to consider an inmate's medical history, his conduct while incarcerated, the inmate's re-entry plan, the inmate's vulnerability, his potential danger to the community, or the unique problems related to COVID-19 at the particular facility. The BOP is in the best position to do so. Gray has failed to fully exhaust the administrative procedures required by 18 U.S.C. § 3582. Thus, the Court is without jurisdiction to decide the merits of his motion at this time.

Having considered the matter fully, and the Court being otherwise sufficiently advised, it is hereby ORDERED that Defendant Charles Tommie Gray's motion for compassionate release (DE 180) is hereby DENIED without prejudice.

IT IS FURTHER ORDERED that the United States' Motion for Leave to Seal Certain Documents (DE 183) is GRANTED.

Dated this 22nd day of July, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge