UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. |
| | ) | 5:13-96-JMH-1 |
| v. | ) | |
| | ) | |
| CHARLES TOMMIE GRAY, | ) | |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

** ** ** ** **

This matter is before the Court on Defendant Charles Tommie Gray's renewed *pro se* motion for compassionate release. (DE 186). For the reasons stated below, Gray's motion is **denied.**

I.

On March 3, 2014, Defendant entered a guilty plea to Count One of the Superseding Indictment for conspiracy with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) (DE 36; DE 92). He was sentenced to a term of 170 months of imprisonment and eight years of supervised release. (DE 109 at 2-3). Defendant is currently 50 years of age, and is projected to be released from Butner's medium security federal correctional institution (FCI) on February 19, 2025.

Gray has filed a renewed motion pursuant to 18 U.S.C. § 3582(c)(1)(A), requesting that the Court grant him a reduction

in sentence. (DE 186). The Court previously found that the defendant had not exhausted his administrative remedies prior to filing this motion (DE 185); in the current motion, however, Gray submits that he has now satisfied the exhaustion requirements (*see* DE 186-1 at 3-4). While the United States cannot refute the veracity of Gray's submission, the government continues to assert that Gray has not exhausted his administrative remedies, and that the Court lacks jurisdiction to grant him compassionate release. (DE 188 at 3-4).

The exhaustion requirement exists to give the BOP an opportunity to conduct an intensive analysis to determine whether the defendant truly qualifies for release. The Court is not well-positioned to consider the inmate's medical history, his conduct while incarcerated, his re-entry plan into society, his potential danger to the community, his vulnerability, or the unique problems related to COVID-19 at his particular facility. The BOP is in the best position to do so.

However, because the Court finds that Gray is not entitled to compassionate release and would not be eligible even if he *had* properly exhausted, the Court will nevertheless proceed to analyzing the merits of his motion.

II.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may

"reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). However, under the applicable provision of Section 3582(c)(1)(A), the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined that it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect its new scheme that inmates may now file compassionate release motions on their own, district courts have "full discretion … to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*. at 1109.

As an initial matter, Defendant has not identified a

cognizable reason for the Court to find that relief under § 3582 is warranted. Gray's request for compassionate release is based on the "work" employed during the pandemic. Put in Gray's own words, his "extraordinary and compelling" reason for requesting a sentence reduction is that he has served as an "essential worker[] within the BOP during the most dangerous and deadly initial 15 months of the pandemic." (DE 186 at 2). The United States is correct that this argument simply does not suffice. For starters, Gray does not contend that he has ever contacted COVID-19, nor that he has suffered any detrimental health effects due to contracting COVID-19.[1] Further, the United States submits that Gray has repeatedly refused to take the COVID-19 vaccine. (*See* DE 190-5). Gray cannot now ask the Court to reward him for his own perilousness, when it was his decision to place himself there.[2]

In sum, the Court finds that Gray's present circumstances are **no different** than any other defendant incarcerated during

---

[1] Gray's medical records also fail to indicate that he is a high-risk patient suffering from any life-threatening, serious or chronic illnesses. His medical records demonstrate that he has been routinely observed by BOP medical staff, and has received the appropriate care. Gray does not contend otherwise.

[2] In any case, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic — when the defendant has access to the COVID-19 vaccine — does not present an 'extraordinary and compelling reason' warranting a sentence reduction. *United States v. Lemons*, 14 F.4th 747 (6th Cir. 2021).

the COVID-19 pandemic. To the extent that he is fearful of contracting the virus, Courts have generally found that any fears in contracting the virus while incarcerated is not an "extraordinary and compelling" reason to grant compassionate release. *See United States v. Wood*, No. 2:12-cr-27-1, 2021 WL 1134772, at *5 (E.D. Tenn. Mar. 24, 2021); *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) ("Courts have been reluctant to find that generalized fears of contracting COVID-19, without more, constitute a compelling reason." (citation omitted)).

Furthermore, even *if* the Court were to find that Defendant could meet this initial hurdle of expressing an extraordinary and compelling reason under § 3582, the Court would still be required to find that the sentencing factors at 18 U.S.C. § 3553(a) would support relief in order to grant his motion. The Court considered these factors extensively at Defendant's original sentencing hearing.

Defendant has a lengthy criminal history— notably dating all the way back from 1997— most of which stem from drug-related offenses or violent crime convictions. Indeed, while Gray portrays himself to have been fully rehabilitated, the Court is not convinced. *See* DE 190-4.

The Court commends Gray for demonstrating resilience and putting forth the effort to better himself, so that he may be a productive member of society when released; however, considering all of the § 3553(a) factors, for the reasons stated in this opinion and at the time of Defendant's sentencing, it is not appropriate to order his release at this time. Reducing Defendant's sentence now would only serve to undermine the sentencing objectives under § 3553(a), as well as lessen the gravity of his convictions and the weight of his criminal history.

III.

Because Defendant cannot meet the requirements for asserting relief under this statute or identify a cognizable reason warranting a sentence reduction, the Court must deny his motion.

IT IS HEREBY ORDERED as follows:

(1)  Defendant Charles Tommie Gray's renewed motion for compassionate release (DE 186) is DENIED.

(2)  The United States' motion for leave to seal exhibits (DE 189) is GRANTED.

Dated this the 7th day of September, 2022.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge